1
2
3
4

O

5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11   CHARIHS LAVON HARRIS        )   Case No. EDCV 12-417-OP
     GLASS,                      )
12                               )
                    Plaintiff,   )   MEMORANDUM OPINION AND
13                               )   ORDER
            v.                   )
14                               )
     MICHAEL J. ASTRUE,          )
15   Commissioner of Social      )
     Security,                   )
16                               )
                    Defendant.   )
17   _____

18        The Court[1] now rules as follows with respect to the disputed issue listed

19   in the Joint Stipulation ("JS").[2]

20
21   _____

22        [1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed
     before the United States Magistrate Judge in the current action.  (ECF Nos. 8,
23   9.)

24        [2]  As the Court advised the parties in its Case Management Order, the
25   decision in this case is being made on the basis of the pleadings, the
     Administrative Record ("AR") and the Joint Stipulation filed by the parties.
26   In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the
27   Court has determined which party is entitled to judgment under the standards
28                                                              (continued...)

1

# I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the administrative law judge ("ALJ") properly developed and considered the vocational evidence of record.  (JS at 3.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

/ / /

/ / /

---

[2](...continued)
set forth in 42 U.S.C. § 405(g).  (ECF No. 6 at 3.)

## III.

## DISCUSSION

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of diabetes mellitus; bilateral carpal tunnel syndrome; hypertension; sleep apnea; and obesity.  (AR at 11.)  The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that she "can perform unskilled, simple work with limitation for occasional posturals (climbing (but never ropes or scaffolds), balancing, stooping, kneeling, crouching, crawling)," and only occasional reaching, handling, fingering, and feeling.  (Id.)  The ALJ also found that Plaintiff cannot perform work on a conveyor belt or similarly fast-paced environment. (Id.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined that an individual with Plaintiff's age, education, work experience, and RFC, would be able to perform the requirements of such occupations as Call Out Operator (Dictionary of Occupational Titles ("DOT") 237.367-014), and Surveillance Systems Monitor (DOT No. 379.367-010).  (AR at 15.)  Thus, the ALJ determined that Plaintiff has not been under a disability, as defined by the Social Security Act.  (Id.)

**B.    The ALJ Failed to Properly Consider the Vocational Evidence.**

Plaintiff contends that the ALJ's determination that she could perform alternative occupations at Step Five of the sequential evaluation process was not supported by substantial evidence, and that it would have been appropriate for the ALJ to find Plaintiff disabled through the application of Social Security Ruling 96-9p, because she has a sedentary RFC with "significant bilateral manipulative limitations."  (JS at 4.)  She  argues that it is "blatantly unfair" that Plaintiff "could have been found disabled through direct application of Social Security Ruling 96-9P by a different [ALJ], but instead was found

3

1    capable of performing two occupations by this [ALJ] who went beyond Social

2    Security Ruling 96-9P and obtained vocational expert testimony." (Id. at 5.)

3        Plaintiff also contends:  (1) the description of the job duties for these two

4    occupations, developed over thirty years ago, is no longer appropriate given

5    significant workplace changes since that time, including the advent of

6    computers; (2) these occupations do not occur in significant numbers in the

7    region; (3) her RFC suggests she should be limited to occupations with a

8    reasoning level no more than 1, and that the two level 3 reasoning occupations

9    suggested by the VE and adopted by the ALJ are inconsistent with that

10   limitation; (4) she needs unscheduled breaks three to four times a day, lasting

11   anywhere from ten to fifteen minutes each, including frequent resting of her

12   hands, thereby precluding performance of these two occupations; (5) the

13   position of call out operator requires making three to six or more calls per hour

14   with necessary typing associated with those phone calls, in excess of the

15   "occasional" manipulative limitation set forth by the ALJ; and (6) her

16   limitations to simple unskilled work, and no fast-paced work, would preclude

17   the position of surveillance system monitor because such a position requires

18   "immediate response," and "the need to react immediately should an event

19   occur," thereby exceeding the GED reasoning level applicable pursuant to the

20   RFC.  (Id. at 4-9.)

21       The Court is unpersuaded by all of the above contentions, with the

22   exception of contention 3, at least in part (see infra note 5).

23       The Commissioner has the burden at step five to establish that the

24   claimant is capable of performing jobs in the economy.  20 C.F.R. §§

25   404.1520(f)(g), 404.1560(c); see Johnson v. Shalala, 60 F.3d 1428, 1432 (9th

26   Cir. 1995).  This burden can be met through the use of a VE.  See 20 C.F.R. §

27   404.1566(e); see also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  It

28   can also be satisfied by taking notice of reliable job information contained in

1  various publications, including the DOT.  20 C.F.R. § 404.1566(d).  The DOT
2  is a presumptively authoritative source on the characteristics of jobs.  See Pinto
3  v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001).  Nevertheless, the DOT is
4  not the sole source for this information, and the Commissioner may rely on the
5  testimony of a VE for information about jobs.  Johnson, 60 F.3d at 1435.
6  However, where the VE's testimony differs from the DOT, he or she must
7  provide a persuasive rationale supported by the evidence to justify the
8  departure.  See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

9       Plaintiff argues that her RFC suggests she should be limited to
10 occupations with a reasoning level no more than 1 and that the two positions
11 suggested by the VE, have reasoning levels of 3.[3]  A job's reasoning level
12 "gauges the minimal ability a worker needs to complete the job's tasks
13 themselves."  Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005).
14 Reasoning development is one of three divisions comprising the General
15 Educational Development ("GED") Scale.[4]  DOT App. C.  The DOT indicates
16 that there are six levels of reasoning development.  Id.  Level 3 provides that
17 the claimant will be able to "[a]pply commonsense understanding to carry out
18 instructions furnished in written, oral, or diagrammatic form.  Deal with
19 problems involving several concrete variables in or from standardized
20 situations."  (DOT 237.367-014.)

21       The Court recognizes that there is a split among the circuit courts on

23       [3]  Plaintiff does not contest the RFC finding itself.

24       [4]  The GED scale "embraces those aspects of education (formal and
25 informal) which are required of the worker for satisfactory job performance.
26 This is education of a general nature which does not have a recognized, fairly
27 specific occupational objective.  Ordinarily, such education is obtained in
   elementary school, high school, or college.  However, it may be obtained from
28 experience and self-study."  DOT App. C.

whether a limitation to simple, *repetitive* or *routine* tasks is compatible with the performance of jobs with a level 3 reasoning as defined in the DOT.  Adams v. Astrue, No. C 10-2008 DMR, 2011 WL 1833015, at *4 n.3 (N.D. Cal. May 13, 2011) (comparing Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (a surveillance systems monitor job with a DOT reasoning level of 3 was not suitable for a claimant whose RFC limited her to "simple and routine work tasks") with Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (a claimant limited to "simple" work could perform the job of surveillance-system monitor, which had a reasoning level of 3) and Renfrow v. Astrue, 496 F.3d 918, 920-21 (8th Cir. 2007) (a claimant with an inability to do "complex technical work" was not precluded from jobs with a reasoning level of 3)).  Although the Ninth Circuit has yet to address this question directly, the weight of authority in this Circuit holds that a limitation to simple, *repetitive* or *routine* tasks is incompatible with a reasoning level of 3.[5]  Id. n.4 (citations omitted).

In the Ninth Circuit, however, there is no such similar weight of authority when a plaintiff, as in this case, is limited only to *simple* tasks, as opposed to simple, repetitive tasks.  In Funches v. Astrue, for example, the district court was faced with this very issue.  Funches, No. 1:10cv0818 DLB, 2011 WL 1497068 (E.D. Cal. April 19, 2011).  Although the court did not cite any authority directly on point, it carefully reasoned that "[g]iven the

_____

[5]  Courts in the Ninth Circuit have generally found a limitation to simple, repetitive work to be consistent with reasoning levels 1 and 2.  Carney v. Astrue, No. EDCV 09-1984-JEM, 2010 WL 4060488 at *4 (C.D. Cal. Dec. 6, 2010 (citations omitted); see also Funches, 2011 WL 1497068 at *5 (citing Tudino v. Barnhart, No. 06-CV-2487-BEN (JMA), 2008 WL 4161443, at *11 (S.D. Cal. Sep. 5, 2008)) (level 2 reasoning "appears to be the breaking point for those individuals limited to performing simple repetitive tasks").  Thus, Plaintiff's statement that her RFC limits her to positions with a reasoning level of 1 (JS at 6) is without merit.

significant case law within [the Ninth] Circuit that questions whether a claimant limited to *simple, repetitive* work is capable of performing jobs with a Reasoning Level of 3, the Court [would] not reach a different conclusion simply because Plaintiff's RFC does not include a limitation to repetitive work." Id. at *5 (emphasis added) (citations omitted).  The court noted that as a result, a conflict existed between the DOT and the VE's testimony on the issue of whether a limitation to simple tasks was consistent with a reasoning level 3.  Id.  In such circumstances, the ALJ is required to determine whether a conflict exists and, if so, "'whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT].'"  Id. at *6 (citations omitted).  However, in Funches, while the ALJ had stated in the decision that the testimony of the VE was consistent with the DOT and concluded that the plaintiff could perform the other work, the court found that there was "no indication in either the testimony or the interrogatories . . . that the ALJ asked the VE whether a conflict existed."  Id. Because the ALJ did not actually pose this question to the VE, the court found that it could not determine whether substantial evidence supported the ALJ's determination that the plaintiff could perform reasoning level 3 work, given the RFC limitation to simple work.  Id.  Therefore, the court remanded the case and specifically directed the ALJ to "obtain a reasonable explanation from the VE for the conflict between her testimony and the DOT."  Id.

Here, as in Funches, the ALJ failed to confirm that the VE's testimony was consistent with the DOT.  But cf. Signavong v. Astrue, No. EDCV 10-917 MAN, 2011 WL 5075609, at *8 (C.D. Cal. Oct. 25, 2011) (affirming the ALJ's decision and noting that the ALJ twice confirmed that the VE's testimony was consistent with the DOT, and the VE specifically testified that plaintiff's limitation to simple tasks did not preclude his performance of the industrial or construction site security guard job with a reasoning level of 3, in part because

the ALJ had not restricted plaintiff to repetitive work and the job requirements did not involve writing reports).  Although prior to questioning the VE the ALJ stated the assumption that the VE's testimony would be consistent with the DOT unless the VE indicated otherwise, the ALJ did not otherwise confirm that the subsequent testimony indeed was consistent.

Moreover, in stating the hypothetical to the VE, the ALJ did not indicate that the hypothetical individual was limited to simple work:

> Q . . . For the first hypothetical, I'm going to assume we have an individual with the claimant's age, educational background, this individual is capable of sedentary work and can only occasionally climb, balance, stoop, kneel, crouch and crawl, but never climb any ropes or scaffolds.  This individual needs to be accommodated with respect to the upper extremities, restriction to only occasionally reach, including reaching overhead, reach, handle, finger and feel. [¶ ] And this should be an unskilled job, of course . . . [¶] Are there other jobs in the national or regional economy, since past work is out, based on exertional restriction alone?
>
> A   Correct.  Only two, Your Honor.  [¶] Two sedentary and unskilled entry-level jobs.

(AR at 52-53.)[6]

Based on the hypothetical to the VE, and the ALJ's failure to ascertain that the VE's testimony was consistent with the DOT, it is ambiguous whether the VE would conclude that these same two positions were appropriate had a limitation to simple work been included in the hypothetical.

---

[6]  In the second hypothetical, the ALJ added that the individual would need unscheduled breaks three to four times a day, lasting anywhere from ten to fifteen minutes each. (Id. at 54.)  The VE testified that there would be no employment for such an individual.  (Id.)

Based on the foregoing, the Court cannot determine whether the ALJ's finding at step five was supported by substantial evidence.

**G.     This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th. Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635.

The Court finds that the ALJ committed legal error by not properly resolving the apparent conflict between the RFC limiting Plaintiff to simple work and the DOT level 3 reasoning requirement for the positions suggested by the VE. Specifically, the ALJ did not elicit further VE testimony explaining how Plaintiff could be limited to simple work and still perform work at a reasoning level of 3. Accordingly, it appears to the Court that this is an instance where further administrative proceedings would serve a useful purpose and remedy defects.

**IV.**

**ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: October 10, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge

9